# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DISTRICT

| | |
|---|---|
| NEAL HOUSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-cv-2436-JAR |
| ) | |
| CORIZON HEALTH, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Neal Houston's motion for leave to proceed in forma pauperis. (Docket No. 8/filed November 20, 2017).[1] Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $3.25. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

---

[1] On September 18, 2017, plaintiff filed a motion for leave to proceed in forma pauperis, but failed to sign it. In an Order dated November 16, 2017, the Court directed that the motion be returned to plaintiff for his signature. In response, plaintiff filed the instant motion for leave to proceed in forma pauperis, which he signed. The instant motion will be granted, and the unsigned motion will be stricken from the record pursuant to Rule 11 of the Federal Rules of Civil Procedure.

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a certified inmate account statement for the six-month period immediately preceding the filing of the complaint, showing an average monthly deposit of $16.25, and an average monthly balance of $7.37. The Court will therefore assess an initial partial filing fee of $3.25, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286

2

(8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is an inmate at the Eastern Reception, Diagnostic and Correctional Center. He brings this action pursuant to 42 U.S.C. § 1983 against Corizon Health, Inc., Dr. William McKinney, Diane Larkins (Health Services Administrator employed by Corizon), and nurses Kate Tyler and Todd Renshaw.

Plaintiff avers that he was placed in the Enhanced Care Unit ("ECU") because he needed daily living assistance after having leg surgery. He describes the ECU as a unit for disabled offenders and others who have difficulty performing activities of daily life.

Plaintiff alleges that defendant Dr. McKinney failed to inform him that he was border-line diabetic, and that he had to learn this news from a psychiatrist. He also alleges that Dr. McKinney told him he had to buy his own ointment to treat dry skin that resulted from the surgery. He alleges that defendants Renshaw and Tyler ordered him transferred from the ECU after he complained about nursing practices, and that as a result, he has no "wheelchair pusher." (Docket No. 1 at 8).

Plaintiff alleges that he has not been permitted a follow-up visit with the doctor who performed his leg surgery, has not been sent to see a specialist, and was not given an ultrasound

3

per his request. He also claims that the medical treatment he has been provided is inconsistent with his treating physician's recommendations or treatment plan. He states he is being given blood thinners as a means to frustrate his treating physician's recommendations. He claims that Corizon "maintains a policy, practice or custom of deliberate indifference to the serious medical needs of inmates by denying or delaying medical treatment and referral to appropriate Specialists." *Id.* at 7. Plaintiff also claims that members of the medical staff have treated him in a rude, dismissive or hostile manner, and that he was subjected to an inadequate grievance procedure. He also cites the Americans With Disabilities Act ("ADA").

## Discussion

To state an actionable § 1983 civil rights claim, a plaintiff must allege a set of historical facts which, if proven true, would show that the named defendant violated the plaintiff's federally-protected rights while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must plead facts showing each named defendant's personal involvement in the alleged constitutional wrongdoing. *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999); *see also Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim").

The allegations in the instant complaint implicate the Eighth Amendment, which requires prison officials to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994). One condition of confinement is the medical attention a prisoner receives. *Weaver v. Clarke*, 45 F.3d 1253, 1255 (8th Cir. 1995). In this context, prison officials violate the Eighth Amendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs." *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th

4

Cir. 2000) (citing *Estelle*, 429 U.S. at 106). This standard includes an objective and subjective component. The plaintiff must demonstrate that: (1) he suffered from an objectively serious medical need, and (2) the "prison officials actually knew of but deliberately disregarded" that need. *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008). Deliberate indifference is akin to criminal recklessness. *Id.* Allegations amounting to negligence, medical malpractice, or a disagreement with treatment decisions do not rise to the level of a constitutional violation. *Estelle*, 429 U.S. at 106; *Popoalii*, 512 F.3d at 499.

Deliberate indifference may be found when prison officials intentionally deny or delay access to medical care. *Estelle,* 429 U.S. at 104–05. When a delay in treatment is the alleged constitutional violation, however, the objective severity of the deprivation should also be measured by reference to the effect of the delay in treatment. *Jackson v. Riebold*, 815 F.3d 1114, 1120 (8th Cir. 2016) (quoting *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005)).

As noted above, this Court has a duty to dismiss this case at any time if it determines that it is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). The Court now turns to the allegations in the complaint.

Plaintiff alleges that Dr. McKinney failed to tell him he was borderline diabetic, and that he had to learn this news from a psychiatrist. However, plaintiff does not allege that Dr. McKinney's omission caused any harm. It therefore appears that plaintiff is alleging that Dr. McKinney should have told him but failed to, and was therefore negligent. These allegations do not state a claim of constitutional significance. *See Estelle*, 429 U.S. at 106 (neither negligence nor medical malpractice amounts to a constitutional violation).

Plaintiff also alleges that Dr. McKinney told him he had to buy his own ointment for the dry skin caused by the surgery. He fails to allege harm other than the dry skin. While prisons

5

are required to provide adequate medical care to inmates, *Estelle*, 429 U.S. at 103, there is no requirement that jails provide that medical care free

of cost. Prisoners may legally be charged for medical care as long as they are not denied it on the basis of inability to pay. *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999). Here, plaintiff does not allege that he was denied ointment or any other medical care on the basis of an inability to pay, only that he was told he had to pay for it. He therefore fails to state a claim of constitutional dimension. Having considered all of plaintiff's allegations against Dr. McKinney, the Court concludes that plaintiff has failed to state a claim upon which relief may be granted.

Next, plaintiff alleges that defendants Renshaw and Tyler ordered him transferred from the ECU after he complained about ECU nursing practices, and that as a result, he no longer has a "wheelchair pusher." (Docket No. 1 at 8). The mere fact of plaintiff's transfer from the ECU does not implicate a constitutionally-protected liberty interest. *See Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983). To the extent plaintiff can be understood to allege his transfer was retaliatory in nature, he fails to state a claim upon which relief may be granted. To successfully argue retaliatory transfer in violation of his constitutional rights pursuant to § 1983, plaintiff must prove that the desire to retaliate was the actual motivating factor behind the transfer. *See Rouse v. Benson*, 193 F.3d 936, 940 (8th Cir. 1999). Here, plaintiff identifies other reasons for his transfer. In a section of the complaint entitled "Reason For Removal From ECU Unit," plaintiff states that one Dr. Ferguson opined that plaintiff no longer needed daily living assistance because he had been seen out of his wheelchair and walking. (Docket No. 1 at 8). This belies the assertion that retaliation was the actual motivating factor behind the transfer.

In addition, plaintiff does not allege that he suffered any actual harm as a result of being transferred from the ECU. While he states he no longer has a "wheelchair pusher," he does not

6

allege that the lack of this service has rendered him unable to travel to and from mealtimes or medical appointments, or to otherwise avail himself of the prison's services, programs, or activities. In addition, plaintiff admits that his treating physician told him he should get out of his wheelchair and walk, and that he has in fact done so. Liberally construed, the complaint alleges only that plaintiff prefers to travel by wheelchair, and that doing so is less comfortable or convenient now than before his transfer. Allegations of discomfort or inconvenience do not rise to the level of a constitutional violation. *Morris v. Zefferi,* 601 F.3d 805, 809-10 (8th Cir. 2010), *Williams v. Delo,* 48 F.3d 442, 446 (8th Cir. 1995). Having considered all of plaintiff's allegations against Renshaw and Tyler, the Court concludes that plaintiff has failed to state a claim upon which relief may be granted.

In the remainder of the complaint, plaintiff alleges that "defendants" and/or "nursing staff" violated his constitutional rights by delaying or failing to provide medical care, or by providing inadequate or undesired medical care. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff is required to state how each individual defendant contributed to the constitutional violation. *See Iqbal,* 556 U.S. at 676; *see also Ellis,* 179 F.3d at 1079 (a plaintiff must plead facts showing each named defendant's personal involvement in the alleged constitutional wrongdoing); *Beck,* 257 F.3d at 766 (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Here, plaintiff fails to allege any defendant's personal involvement in or responsibility for the alleged constitutional violations, and he therefore fails to state any viable claim for relief.

Even if plaintiff had alleged the personal responsibility of a named defendant, his

7

allegations would not state any viable claim for relief. Plaintiff's allegations focus upon the fact he was not permitted a follow-up visit with the doctor of his choice, sent to see a specialist, given an ultrasound when he requested one, and provided medical care he deemed consistent with his treating physician's recommendation or treatment plan. These allegations establish only plaintiff's disagreement with the course of medical treatment he was provided, or at most, medical malpractice. Such allegations do not state claims of constitutional significance. *See Popoalii*, 512 F.3d at 499 (a "mere disagreement with treatment decisions does not rise to the level of a constitutional violation"); *Estelle*, 429 U.S at 106 (medical malpractice does not amount to a claim of constitutional dimension "merely because the victim is a prisoner.").

Plaintiff also states that unnamed individuals were rude, dismissive, or hostile. However, rudeness and unprofessionalism are not constitutional deprivations. *See, e.g., McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Any complaint plaintiff may have with the manner or tone of voice of any of the defendants is insufficient to demonstrate a violation of his constitutional rights.

Plaintiff also cites the ADA. To state a claim under Title II of the ADA, plaintiff must allege that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity or was otherwise subjected to discrimination by a public entity; and (3) such exclusion, denial of benefits, or other discrimination was by reason of his disability. *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010) (citing *Layton v. Elder*, 143 F.3d 469, 472 (8th Cir. 1998)). In the case at bar, assuming for the sake of argument that plaintiff is a qualified individual with a disability, he fails to allege that he suffered exclusion, denial of benefits, or other discrimination, by reason of such disability. He therefore fails to state a claim under the

8

ADA.

Plaintiff has also named Corizon as a defendant. In setting forth his claim against Corizon, plaintiff alleges that Corizon had a "custom and policy, based on their failure to refer [plaintiff] to appropriate medical professionals for his repeated complaints about his swollen and diseased leg," and that Corizon "maintains a policy, practice or custom of deliberate indifference to the serious medical needs of inmates by denying or delaying medical treatment and referral to appropriate specialists." (Docket No. 1 at 7). To state a claim against Corizon, plaintiff must allege that a policy or custom of Corizon was responsible for a constitutional violation. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citing *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978)). As discussed above, plaintiff's allegations fall short of alleging any constitutional violation, and there can therefore be no claim against Corizon for any policies, practices or customs leading to one.

In addition, plaintiff's allegations that Corizon had a custom and policy based on its failure to refer him to appropriate medical professionals, and had a policy, practice or custom of deliberate indifference, are merely conclusory. To state a claim for relief, a complaint must plead more than "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Having considered all of plaintiff's allegations against Corizon, the Court concludes that plaintiff has failed to state a claim upon which relief may be granted.

Finally, plaintiff claims that he was subjected to an inadequate grievance procedure. In support, plaintiff claims that his grievances were deemed abandoned due to a delay beyond his control. To state a cognizable claim under § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured

9

by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). There is no federal constitutional right to a prison grievance procedure, and neither a state law nor a state policy creates one. Therefore, if a state elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only, and confers no substantive right on inmate).

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court concludes that it must be dismissed because it is legally frivolous and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's unsigned motion for leave to proceed in forma pauperis (Docket No. 2) is **STRICKEN** from the record pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $3.25 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction (Docket No. 9) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 28th day of February, 2018.

/s/ John A. Ross
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE